UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS FULLER,

        Plaintiff,

v.

        Case Number 06-14352-BC
        Honorable Thomas L. Ludington

CHRISTOPHER ROGNER, *Deputy*, JOSHUA
HERMAN, *Tuscola County Deputy*, DUTCHER,
*Deputy*, BRIAN HARRIS, *Deputy*, SWARTZ,
*Deputy*, MITIN, *Officer*, JOSEPH E. AMEND,
MARK E. REENE, TOM KERN, *Sheriff*,
and TUSCOLA COUNTY,

        Defendants.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION, SUSTAINING IN PART AND OVERRULING IN PART
DEFENDANTS' OBJECTIONS, AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendants' objections to the magistrate judge's report and recommendation. Plaintiff Thomas Fuller, a pro se litigant, filed a civil rights complaint alleging that Defendants violated his constitutional rights during his arrest and prosecution. Plaintiff's complaint alleged that Defendants violated 42 U.S.C. § 1983 by exercising excessive force and conducting an unreasonable seizure in violation of his Fourth Amendment right, engaging in cruel and unusual punishment in violation of his Eighth Amendment right, and infringing on his Fourteenth Amendment due process rights by withholding exculpatory evidence and committing perjury.

Defendant Rogner filed a motion for summary judgment asserting that Plaintiff's complaint fails to state a claim upon which relief can be granted, Plaintiff's complaint is barred by the

applicable statute of limitations, and that Defendant Rogner is entitled to qualified and absolute immunities. Dkt. # 29. Defendant Herman, Defendant Dutcher, Defendant Harris, Defendant Swartz, Defendant Amend, Defendant Reene, Defendant Kern, and Defendant Tuscola County (collectively "County Defendants") filed a motion for summary judgment contending that collateral estoppel bars Plaintiff's unreasonable seizure claim, Plaintiff has not stated a cognizable claim under the Eighth Amendment, Plaintiff's claims are barred by the applicable statute of limitations, Defendants Amend and Reene are entitled to absolute immunity as prosecutors, and Plaintiff failed to state a claim against Defendant Tuscola County, Defendant Kern, or Defendant Swartz. Dkt. # 48.

The Court referred Defendants' motions for summary judgment to Magistrate Judge Charles E. Binder. Judge Binder recommended that the Court grant in part and deny in part Defendants' motions. The magistrate judge recommended granting in part County Defendants' motion and dismissing Defendant Swartz, Defendant Tuscola County, Defendant Reene, and Defendant Amend. Additionally, the report recommended granting summary judgment with respect to Plaintiff's unreasonable seizure claim against all Defendants, but denying Defendants' motions on all other grounds.

Plaintiff filed the instant complaint alleging violation of his constitutional rights arising from his arrest and prosecution. According to the available record, the underlying facts are as follows. On September 3, 2003, a store clerk reported an alleged sexual assault at a Watrousville, Michigan convenience store. According to the clerk, Plaintiff fondled her breast while she stood at the counter. Dkt. 29-5 at 101-02. Plaintiff lifted his arm up and pressed his hand against her clothed breast, moving it about an inch. *Id.*

Defendant Rogner responded to the clerk's 911 call, but the alleged perpetrator of the assault, identified by the clerk as Plaintiff, had left the scene. Defendant Rogner ran a background check on Plaintiff and discovered that Plaintiff had an outstanding arrest warrant for a probation violation. Soon thereafter, Defendant Rogner, driving in an unmarked sedan, located Plaintiff as he walked up a residential driveway. Plaintiff alleges that Defendant Rogner approached in a reckless manner, such that Plaintiff ran from the unmarked car and climbed a fence. Defendant Rogner exited the vehicle and ordered Plaintiff to climb over the fence towards him. Plaintiff climbed over the fence and approached Defendant Rogner. As Plaintiff approached, Defendant Rogner discharged a round from his firearm that struck the ground.

At that point, Plaintiff fled on foot. With the assistance of other officers, Defendant Rogner apprehended Plaintiff in a nearby field. While detained, Plaintiff alleges that Defendant Rogner and Defendant Herman used excessive force during the arrest. Specifically, Plaintiff contends that Defendant Rogner discharged pepper spray and used excessive physical force during his arrest without adequate justification. Moreover, Plaintiff contends that Defendants Herman, Dutcher, Harris, and Kern physically assaulted Plaintiff upon arrival at the Tuscola County Jail.

Plaintiff stood trial for three counts of resisting arrest, but was found guilty of only one count. Plaintiff contends that Defendants withheld exculpatory evidence and committed perjury during his trial.

Defendant Rogner and County Defendants each filed objections contending that the magistrate judge erred in not granting the motions in the entirety. Dkt. # 60-61. Plaintiff did not file an objection to the magistrate judge's report, but did respond to Defendants' objections. Dkt. # 62. A party's failure to file objections to the report and recommendation waives any further right

to appeal. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Plaintiff did not object to the recommendation to grant in part Defendants' motions, therefore, the Court will adopt the report and recommendation with respect to granting in part Defendants' motions. Defendants, on the other hand, did object to the magistrate judge's recommendation to deny in part Defendants' motions for summary judgment. Thus, the Court will review Defendants' objections.

First, Defendant Rogner and County Defendants objected to Judge Binder's recommendation to deny Defendants' motions with respect to Plaintiff's Eighth Amendment claim. County Defendants contend that Judge Binder abandoned his neutral role as a judicial officer by construing Plaintiff's Eighth Amendment claim as a Fourteenth Amendment claim. *See Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006). County Defendants assert that "it is utterly inappropriate for the Court to . . . develop[] legal theories, and find[] ways to defeat [a] motion." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). Upon review of *Spencer* and Plaintiff's Eighth Amendment claim, the Court concludes that Judge Binder did not abandon his neutral role.

In *Guarino*, 980 F.2d at 406, the Sixth Circuit discussed the Court's role to identify factual disputes when the non-moving party does not respond to a motion for summary judgment. In that case, the Sixth Circuit concluded that a district court is not under a duty to search out facts or to develop legal theories. In the instant case, the magistrate judge merely applied the holding in *Spencer* that a pre-trial detainee may not assert a claim for cruel and unusual punishment, instead a pre-trial detainee has a potential claim under the Fourteenth Amendment Due Process clause for ill treatment. The Court recognizes that Plaintiff plead an Eighth Amendment claim for the alleged

mistreatment while in custody of the Tuscola County Jail, however, it also recognizes that Plaintiff is a pro se litigant. The Court is directed to grant pro se litigants leniency and should review their filings mindful of that fact. *See generally, Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Though Plaintiff's complaint alleges a violation of the Eighth Amendment claim, *Spencer* makes clear that the Fourteenth Amendment provides "similar" protection to a pretrial detainee. *Spencer*, 449 F.3d at 727. Though Plaintiff incorrectly relied on the Eighth Amendment, the Court concludes that Plaintiff, as a pro se litigant, has met the lowered standards for a pro se complaint to adequately place Defendants on notice of his claim. The Court will overrule County Defendants objection on this ground.

Defendant Rogner contends that Plaintiff has not plead any specific acts that Defendant Rogner violated Plaintiff's rights while he was a detainee, whether under the Eighth or Fourteenth Amendment. Defendant Rogner asserts that he can not be held accountable for the treatment of Plaintiff as a detainee because he is not a prison official. *Farmer v. Brennan*, 51 U.S. 825 (1994). Defendant Rogner emphasizes that any alleged harm caused by Defendant Rogner occurred prior to Plaintiff arriving at jail. The Court agrees with Defendant Rogner. Plaintiff's complaint alleges that Defendant Rogner violated his rights by discharging his firearm, discharging pepper spray, and using excessive physical force. Plaintiff alleges that each of these events occurred prior to arriving at jail. Additionally, Plaintiff alleges that other Defendants used excessive force at Tuscola County Jail. Plaintiff does not allege that Defendant Rogner participated in any harsh treatment upon Plaintiff's arrival at jail. Thus, the Court will reject the magistrate's recommendation with respect to Plaintiff's Eighth Amendment claim against Defendant Rogner and dismiss that claim against Defendant Rogner.

Second, County Defendants contend that the magistrate judge incorrectly rejected their statute of limitations argument and misunderstood the holding in *Wallace v. Kato*, ___ U.S. ___, 127 S.Ct. 1091, 1095, 163 L.Ed. 2d. 973, 982 (2007) (holding that the statute of limitations in a 42 U.S.C. § 1983 false arrest and false imprisonment claim begins to run at the time the prisoner is brought before the magistrate). County Defendants assert that Plaintiffs claims, grounded in excessive force, properly began to run on the date of Plaintiff alleges he was the victim of excessive force, September 3, 2003, and not the date Plaintiff went before the magistrate, September 12, 2003. County Defendants reason that Plaintiff's claims are barred by the statute of limitations because he filed his complaint on September 7, 2006, outside the applicable three year statute of limitations. Assuming, arguendo, that County Defendants' view of *Wallace* is correct, they do not address Judge Binder's conclusion that Plaintiff's complaint was effectively filed at the time he provided the complaint to prison authorities. See Dkt. # 59 at 10-11; see also *Scott v. Evans*, 116 Fed, App'x 699, 701 (6th Cir. 2004) (unpublished). Judge Binder concluded that Plaintiff "filed" the complaint with prison authorities on August 30, 2006. County Defendants did not offer Sixth Circuit authority that contradicts Judge Binder's conclusions. Thus, the Court will deny County Defendants' objection on the grounds of statute of limitations.

Third, Defendant Rogner contends that the Court should dismiss Plaintiff's Fourth Amendment claim because Defendant Rogner's conduct was reasonable under the circumstances and, alternatively, Defendant Rogner is entitled to qualified immunity. Defendant Rogner asserts, that under the totality of the circumstances test[1] discussed in *Graham v. Connor*, 490 U.S. 386, 396

---

[1] "Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citations and quotations omitted).

(1989), Defendant Rogner's actions were reasonable.  Viewing the evidence in a light most favorable to Plaintiff, the Court agrees with the magistrate judge's conclusion that a triable issue of fact exists that Defendant Rogner did not act reasonably.   At the time that Defendant Rogner discharged his weapon, Plaintiff contends he was following Defendant Rogner's voice commands, he was not armed, and he had allegedly committed a crime that would not reasonably lead a police officer to believe that Plaintiff was a violent threat to others in the community.

Defendant Rogner contends that his conduct was objectively reasonable when compared to the defendant officer in *Pleasant v. Zamieski*, 895 F.2d 272 (6th Cir. 1990).  In *Pleasant*, the officer discharged his weapon and negligently shot a suspected felon.  *Id.* at 275.  In the instant case, Defendant Rogner intentionally discharged his weapon and did so towards a suspected felon that was in the open.  The Court finds *Pleasant* inapposite.  In *Pleasant*, the police officer, with his firearm drawn, approached a suspected felon seated in a car.  *Id.* at 273.  As felon fled from the officer, the police officer accidentally discharged his firearm while attempting to grab him.  *Id.*  In the instant case, Plaintiff contends that Defendant Rogner intentionally discharged his firearm, despite Plaintiff following Defendant Rogner's commands.  The facts viewed in the light most favorable to Plaintiff indicate a question of fact exists that Defendant Rogner's intentional discharge of his firearm was not reasonable under the circumstances.

Moreover, the Court also agrees with the magistrate judge that Defendant Rogner is not entitled to qualified immunity. Defendant Rogner contends that Judge Binder incorrectly concluded that it was clearly established that Defendant Rogner's firing of his weapon was excessive force in violation of Plaintiff's Fourth Amendment rights.  Defendant contends that "[i]n order for a right to be 'clearly established,' the contours of the right allegedly violated must be sufficiently clear that

a reasonable official would understand that what he was doing violated that right." Dkt. # 60 at 27 (citing *Anderson v. Creighton*, 483 U.S. 635 (1987). Though the Court agrees with this proposition, Defendant Rogner does not offer any authority supporting his contention that a reasonable official would not understand his alleged acts violated a clearly established right. Again, Plaintiff's version of events indicates that Defendant Rogner discharged his firearm without adequate justification, as there is a factual dispute whether Defendant Rogner believed Plaintiff to be armed. Additionally, Plaintiff was suspected of a non-violent felony. Thus, Defendant Rogner has not demonstrated that a reasonable official would not understand his alleged acts violated a clearly established right and the Court will adopt the recommendation to deny Defendant Rogner's request for qualified immunity.

Fourth, Defendant Rogner contends that the magistrate judge erred in concluding that Plaintiff's excessive force claim is barred by the doctrine of collateral estoppel. Defendant Rogner asserts that the jury from Plaintiff's criminal prosecution in a state court proceeding found that the arrest of Plaintiff was "legal" because the legality of the arrest was a necessary element of finding Plaintiff guilty of the offense of resisting arrest. Defendant Rogner contends this is significant because the jury's conclusion that the arrest was legal demonstrates that he did not use excessive force. First, the Court notes that the jury found Plaintiff guilty of one count of resisting Defendant Rogner and not guilty of one count of resisting Defendant Rogner. See Dkt. # 29-10, 29-11. As a result, the jury's findings with respect to whether Defendant Rogner made a "legal arrest" is unclear to the Court. Additionally, Defendant Rogner's objection did not address the magistrate judge's reasoning that a finding of excessive force would not "necessarily imply the invalidity" of the judgment in state court. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, the Court will not

a reasonable official would understand that what he was doing violated that right." Dkt. # 60 at 27 (citing *Anderson v. Creighton*, 483 U.S. 635 (1987). Though the Court agrees with this proposition, Defendant Rogner does not offer any authority supporting his contention that a reasonable official would not understand his alleged acts violated a clearly established right. Again, Plaintiff's version of events indicates that Defendant Rogner discharged his firearm without adequate justification, as there is a factual dispute whether Defendant Rogner believed Plaintiff to be armed. Additionally, Plaintiff was suspected of a non-violent felony. Thus, Defendant Rogner has not demonstrated that a reasonable official would not understand his alleged acts violated a clearly established right and the Court will adopt the recommendation to deny Defendant Rogner's request for qualified immunity.

Fourth, Defendant Rogner contends that the magistrate judge erred in concluding that Plaintiff's excessive force claim is barred by the doctrine of collateral estoppel. Defendant Rogner asserts that the jury from Plaintiff's criminal prosecution in a state court proceeding found that the arrest of Plaintiff was "legal" because the legality of the arrest was a necessary element of finding Plaintiff guilty of the offense of resisting arrest. Defendant Rogner contends this is significant because the jury's conclusion that the arrest was legal demonstrates that he did not use excessive force. First, the Court notes that the jury found Plaintiff guilty of one count of resisting Defendant Rogner and not guilty of one count of resisting Defendant Rogner. See Dkt. # 29-10, 29-11. As a result, the jury's findings with respect to whether Defendant Rogner made a "legal arrest" is unclear to the Court. Additionally, Defendant Rogner's objection did not address the magistrate judge's reasoning that a finding of excessive force would not "necessarily imply the invalidity" of the judgment in state court. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, the Court will not

dismiss Plaintiff's excessive force claim on this basis.

Finally, Defendant Rogner contends that the magistrate judge did not address his motion for summary judgment with respect to Plaintiff's due process claims alleging Defendant Rogner destroyed exculpatory evidence and committed perjury. In his objection, Defendant Rogner asserts that Plaintiff has not established a factual dispute that Defendant Rogner had control of a crime scene video tape, a police car video tape, or 911 tape. Dkt. # 60 at 32. In neither Plaintiff's response to Defendant Rogner's Rule 56 motion or Plaintiff's response to Defendants' objections did Plaintiff address any evidence that may establish a triable issue of fact that Defendant Rogner destroyed exculpatory evidence. See Dkt. # 55, 62.

With respect to Plaintiff's allegation of perjury, Plaintiff maintains that a factual dispute exists that Defendant Rogner committed perjury because Plaintiff's testimony contradicts that testimony. Dkt. # 55 at 3-7. Defendant Rogner contends, however, that 42 U.S.C. § 1983 does not provide for "a convicted person to assert a claim for damages against a police officer for giving perjured testimony at his criminal trial." *Briscoe v. Lahue*, 460 U.S. 325, 326 (1983). The Court agrees with Defendant Rogner that he is entitled to summary judgment on this basis. Thus, the Court will grant summary judgment in favor of Defendant Rogner with respect to Plaintiff's Fourteenth Amendment Due Process claim.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 59] is **ADOPTED** in part and **REJECTED** in part. Defendant Rogner's objection to the report and recommendation [Dkt. # 60] is **SUSTAINED** in part and **OVERRULED** in part. County Defendants' objection to the report and recommendation [Dkt. # 61] is **OVERRULED**.

It is further **ORDERED** that Defendant Rogner's motion for summary judgment [Dkt. # 29],

and County Defendant's motion for summary judgment [Dkt. # 48]are **GRANTED** in part and **DENIED** in part. Defendants Swartz, Tuscola County, Reene, and Amend are **DISMISSED** in their entirety. Plaintiff's unreasonable seizure claim is **DISMISSED** with respect to all Defendants. Plaintiff's Eighth Amendment and Fourteenth Amendment claims with respect to Defendant Rogner are **DISMISSED**.

                                                          s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

Dated: February 26, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 26, 2008.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS